**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| VINCENT COLONNA,       ) | |
|          ) | |
|      Plaintiff,     ) | |
|          ) | |
|      v.          ) | **Case No.:** |
|          ) | |
| PREMIER RECOVERY GROUP,   ) | **COMPLAINT AND DEMAND FOR** |
|          ) | **JURY TRIAL** |
|      Defendant.    ) | |
|          ) | **(Unlawful Debt Collection Practices)** |

VINCENT COLONNA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PREMIER RECOVERY GROUP ("Defendant"):

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant regularly conducts business in the State of Ohio therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

PLAINTIFF'S COMPLAINT

## PARTIES

5.      Plaintiff is a natural person residing in Cleveland, Ohio 44130.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 191 North Street, Room 110, Buffalo, New York 14201.

8.      Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all times material hereto, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

12.     The alleged debt arose out of transactions which were for personal, family, or household purposes, as Plaintiff does not have any business debt.

13.     Upon information provided and belief, the alleged debt was originally owed to CashNetUSA, a payday loan provider.

14.     Beginning in or around July 2013 continuing through August 2013, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number to collect the alleged debt.

PLAINTIFF'S COMPLAINT

15.    Defendant's harassing collection calls originated from numbers including, but not limited to, (888) 814-8696.    The undersigned has confirmed that these numbers belong to Defendant.

16.    Defendant's collectors, including but not limited to an employee named "Ms. Rivera," placed repeated harassing calls to Plaintiff's cellular telephone, on average, at least two times per day.

17.    Defendant also threatened to file a lawsuit against Plaintiff if he did not pay the alleged debt.    Defendant's collectors told Plaintiff, "Unless you pay this debt in full, we will have our legal team sue you."

18.    Based upon information provided and belief, Defendant had no actual intent to file a lawsuit against Plaintiff.    Instead, Defendant made these threats with the intent to place Plaintiff in fear and angst, in the hopes of coercing payment.

19.    Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

20.    Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiff.

**COUNT I**
**<u>DEFENDANT VIOLATED § 1692d OF THE FDCPA</u>**

21.    A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

PLAINTIFF'S COMPLAINT

22.    Defendant violated § 1692d when it placed repeated harassing calls to Plaintiff's cellular telephone; and, when it threatened to file a law suit against Plaintiff if he did not pay the alleged debt.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

23.    A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24.    Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff's cellular telephone.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692e, 1692e(5) and 1692e(10) OF THE FDCPA**

25.    A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26.    A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

27.    A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28.    Defendant violated §§ 1692e, 1692e(5), and 1692e(10) when it threatened to file a lawsuit against Plaintiff if he did not pay the alleged debt, even though it never actually intended to take such action.

PLAINTIFF'S COMPLAINT

**COUNT IV**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

29.    A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30.    Defendant violated § 1692f when it harassed Plaintiff for payment of the debt; when it made threats to Plaintiff; when it misled and falsely implied that Plaintiff was in jeopardy of legal ramifications if he didn't pay the alleged debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

**COUNT V**
**DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

31.    A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

5

32.     Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, VINCENT COLONNA, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A.);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any and all other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff VINCENT COLONNA, demands a jury trial in this case.

Dated: June 10, 2014

RESPECTFULLY SUBMITTED,

/s/ Amy L. Bennecoff
Amy L. Bennecoff
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com

6

PLAINTIFF'S COMPLAINT